UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLES L. WADE, ) | CASE NO.  4:08 CV1004 |
| ) | |
| Petitioner, ) | JUDGE KATHLEEN M. O'MALLEY |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| J.T. SHARTLE, WARDEN, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner pro se Charles Wade filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 17, 2008.  Mr. Wade is confined at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton") and filed this petition against the Warden J.T. Shartle, as well as the United States of America.  Petitioner maintains he is entitled to relief "under an actual/factual claim of innocence." He seeks an order "dissolving the conviction before Judge O'Malley in Wade trial II case no. 4:01CR176." (Pet. at 24.)

BACKGROUND

A nine-count indictment against Mr. Wade was returned by a grand jury for the Northern District of Ohio in April 2001. United States v. Wade, No. 4:01cr0176 (N.D. Ohio filed Apr. 11, 2001)(O'Malley, J.)  Petitioner was charged with two counts of conspiracy to defraud the

United States in violation of 18 U.S.C. § 371; making and subscribing false tax returns in violation of 26 U.S.C. § 7206; four counts of aiding, assisting, procuring, counseling, and advising in the preparation of false tax returns in violation of 26 U.S.C. § 7206; and two counts of bank fraud in violation of 18 U.S.C. § 1344.1

A superseding indictment was filed by the Government on August 29, 2001, adding one count of aiding, assisting, procuring, counseling, and advising in the preparation of false tax returns in violation of 26 U.S.C. § 7206; four counts of making, uttering, and possessing counterfeit securities in violation of 18 U.S.C. § 513; one count of conspiracy to attempt to corruptly persuade a person with intent to influence testimony in violation of 18 U.S.C. § 371; and two counts of attempt to corruptly persuade a person with intent to influence testimony in violation of 18 U.S.C. § 1512(b)(1). Mr. Wade pleaded not guilty to the charges.

Petitioner's jury trial commenced before the undersigned on February 13, 2002. The Government dismissed three counts relating to witness tampering, leaving just the counts relating to petitioner's tax and counterfeiting schemes. Guilty verdicts were returned by the jury on all fourteen counts after a three-day trial in which petitioner testified. He moved to dismiss Counts 10-14, 23, and 24, a motion which this court denied.

The essence of this petition stems from Mr. Wade's belief that he was denied a fair trial. The petition is, however, not just a duplicate, but a photocopy of a petition Mr. Wade filed in this court on February 20, 2008. Wade v. Shartle, et al, No. 4:08cv0426 (N.D. Ohio filed 2/20/08)(Lioi, J.) The petition was dismissed by Judge Lioi for failing to state a claim for relief on April 24, 2008. His May 1, 2008 appeal of the court's dismissal to the Sixth Circuit Court of Appeals is still pending.

28 U.S.C. § 2241

Petitioner is correct that under the savings clause of 28 U.S.C. § 2255, a district court may exercise jurisdiction over § 2255 claims under 28 U.S.C. § 2241 if the petitioner establishes that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is the petitioner's burden to demonstrate that the remedy by motion is "inadequate" or "ineffective." The United States Court of Appeals for the Sixth Circuit has cautioned that it is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255. In Charles v. Chandler, 180 F.3d 753 (6th Cir .1999) (discussing "inadequate and ineffective" standard), and later in Martin v. Perez, 319 F.3d 799 (6th Cir. 2003)(discussing requirement of alleging "actual innocence" based on an intervening U.S. Supreme Court decision), the Sixth Circuit set out the burden placed on a § 2241 petitioner trying to challenge his conviction and/or sentence.

The standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a § 2255 motion to the trial court is a high one under Charles and Martin. For the same reasons set forth in Judge Lioi's April 24, 2008 Memorandum of Opinion and Order, petitioner has failed to meet the requisite standard for relief.

28 U.S.C. §2244

The Supreme Court has made it clear that the principle of res judicata does not apply to habeas petitions. Schlup v. Delo, 513 U.S. 298, 317-19 (1995) ( "This Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."); see also Potts v. Zant, 638 F.2d 727, 738 (5th Cir.1981) (same). However, to address the

3

volume of repeated petitions filed by prisoners to several courts in the hopes of obtaining a better result in another court or with another judge Congress passed 28 U.S.C. § 2244.  The statute allows a district judge to refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Thus, claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a). Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990).

Therefore, a district court may dismiss a petition if it appears that a court has previously passed on the legality to the petitioner's detention in a prior habeas petition and no new claim is raised. See Thunder v. U.S. Parole Com'n., No. 05-1296, 2006 WL 281089, at *1 (10th Cir. Feb. 7, 2006)(affirming dismissal of second § 2241 petition and citing George v. Perrill, 62 F.3d 333, 334 (10th Cir.1995)); see also Cofield v. Northeast Ohio Correctional Center, No. 07-1675, 2007 WL 2034283, at *2 (N.D.Ohio July 10, 2007). Such is the case herein.

### CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2244.  The court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        s/ Kathleen M. O'Malley
                                        KATHLEEN M. O'MALLEY
                                        UNITED STATES DISTRICT JUDGE

DATED:  July 9, 2008